**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT A. STRIPLIN,** | : | **No. 3:15cv330** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Cohn)** |
| **CAROLYN W. COLVIN,** | : | |
| **Commissioner of the Social Security** | : | |
| **Administration,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Gerald B. Cohn's report and recommendation (hereinafter "R&R"). (Doc. 20). The R&R proposes denying Plaintiff Robert A. Striplin's (hereinafter "plaintiff" or "claimant") appeal of Defendant Social Security Administration's (hereinafter "SSA") decision denying his application for disability insurance benefits[1] and supplemental security income (hereinafter "SSI").[2] Plaintiff filed objections to the R&R (Doc. 21), and they are ripe for disposition.

---

[1] Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. 42 U.S.C. §§ 415(a) and 416(i)(1). The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured." See 42 U.S.C. § 416(i)(2). Here, the record establishes that plaintiff's date last insured is June 30, 2010. (Doc. 11, Admin. Record (hereinafter "R.") at 316).

**Background**

On January 12, 2009, plaintiff filed protective applications[3] for

disability insurance benefits and SSI due to epilepsy.  (Doc. 11, Admin.

Record (hereinafter "R.") at 243-55).[4]  Originally, plaintiff alleged that his

disability began on February 2, 2000.  (R. at 243).  He later amended his

disability onset date to May 10, 2007.  (R. at 144).  On April 16, 2012, the

SSA denied plaintiff's applications.  (R. at 12).  Plaintiff then filed a request

for a hearing before an administrative law judge (hereinafter "ALJ").  (Id.)

The ALJ held a hearing on May 10, 2010, and denied plaintiff's

request for benefits on June 23, 2010.  (R. at 137-79, 183-201).  The SSA

Appeals Council, however, remanded the matter on April 9, 2012, for lack

of substantial evidence.  (R. at 202-07).  The ALJ held a second hearing on

---

[2]  SSI is a federal income supplement program funded by general tax
revenues (not social security taxes).  42 U.S.C. § 1381.  It is designed to
help the aged, blind or disabled individuals who have little or no income.
42 U.S.C. § 1381a.  Insured status is irrelevant in determining a claimant's
eligibility for SSI benefits.  42 U.S.C. § 1382.

[3]  "Protective filing" is a term describing the first time an individual contacts
the Social Security Administration to file a claim for benefits.  See 20 C.F.R.
§ 416.340; see also SOC. SEC. ADMIN. PROGRAM OPERATIONS MANUAL SYS.,
GN 00204.010.  A protective filing date allows an individual to have an
earlier application date than the date the application is actually signed.  20
C.F.R. § 416.340.

[4]  References to "R. at __" are to pages of the administrative record filed by
the defendant as part of her answer on April 30, 2015.

May 29, 2013.  (R. at 102-36).  Plaintiff testified at both hearings that he was born June 5, 1984, and obtained a GED.  (R. at 108-11).  He worked pushing carts and bagging groceries at Kroger's, cooking at McDonald's, and stocking shelves at Travel Center.  (R. at 151-53).

Plaintiff worked until sometime in 2008, but claims that his seizures prevented him from working thereafter.  (R. at 152, 154).  He was incarcerated for a year-and-a-half in 2008, as well for "six" or "eight" months" sometime after that.  (R. at 116-17).

Plaintiff testified that he endures seizures regularly.  (R. at 112).  As a result, he is paranoid, has trouble thinking, remembering and concentrating, needs both hands to write, and walks "a certain way" to avoid leg injuries.  (R. at 121, 155 & 161).  Physically, plaintiff's muscles hurt for one or two days after a seizure.  (R. at 156-57).  He uses Depakote to treat his seizures, which "helps out quite a bit."  (R. at 117).  Plaintiff also has anger issues and, consequently, tries to "avoid anybody and everybody."  (R. at 115, 118).

In a decision issued on July 16, 2013, the ALJ denied plaintiff's claims for a second time, finding that plaintiff was not disabled.  (R. at 14-25).  Plaintiff requested that the SSA Appeals Council review the ALJ's decision, but the Appeals Council denied plaintiff's request on December

3

10, 2014.  (R. at 1-5).  Thus, the ALJ's decision stood as the

Commissioner's final decision.[5]

As a result of the Commissioner's denial of disability insurance

benefits and SSI, plaintiff filed an appeal to this court on February 18,

2015.[6]  We assigned plaintiff's appeal to Magistrate Judge Gerald B. Cohn,

and on March 31, 2016, Magistrate Judge Cohn recommended that

plaintiff's appeal be denied on grounds that substantial evidence supports

the ALJ's decision.  (Doc. 20).  Plaintiff filed timely objections to the R&R

(Doc. 21), and they are now ripe for disposition.

**Jurisdiction**

The court has federal question jurisdiction over this Social Security

Administration appeal.  See 42 U.S.C. § 1383(c)(3) ("The final

determination of the Commissioner of Social Security after a hearing under

paragraph (1) shall be subject to judicial review as provided in section

---

[5]  The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless a claimant files an action in federal district court within sixty (60) days after receiving notice of the Appeals Council's action.  20 C.F.R. § 404.981.

[6]  Under the Local Rules of Court, "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal."  L.R. 83.40.1.

405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); see also 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .").

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

5

In reviewing a Social Security appeal, the court must determine whether "substantial evidence" supports the ALJ's decision.  <u>See</u>, 42 U.S.C. § 405(g); <u>Hagans v. Comm'r of Soc. Sec.</u>, 694 F.3d 287, 292 (3d Cir. 2012); <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999).  The United States Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Consolo v. Fed. Mar. Comm'n</u>, 383 U.S. 607, 620 (1966). The Third Circuit Court of Appeals has explained that "substantial evidence has been defined as 'more than a mere scintilla'; it means 'such relevant evidence as a reasonable mind might accept as adequate.'"  <u>Hagans</u>, 694 F.3d at 292 (quoting <u>Plummer</u>, 186 F.3d at 427).

The court should not reverse the Commissioner's findings merely because evidence may exist to support the opposite conclusion.  <u>See</u> 42 U.S.C. § 405(g); <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 552 (3d Cir. 2005) (stating that courts may not weigh the evidence or substitute its own conclusion for those of the fact-finder); <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001) (indicating that when the ALJ's findings of fact are supported by substantial evidence, courts are bound by those findings, even if they would have decided the factual inquiry differently).  In an adequately developed factual record, substantial evidence may be

6

"something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo, 383 U.S. at 620.

Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Plummer, 186 F.3d at 429 (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)).  The Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence.  Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008).  Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole.  Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

**Discussion**

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any **substantial gainful activity** by reason of any

7

medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months."  42 U.S.C.

§ 423(d)(1)(A) (emphasis added).  An individual is incapable of engaging in

"substantial gainful activity" when "his physical or mental impairment or

impairments are of such severity that he is not only unable to do his

previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]"  42 U.S.C. § 423(d)(2)(A).

　　The Commissioner evaluates disability insurance and SSI claims with

a five-step sequential analysis.  20 C.F.R. §§ 404.1520(a)(4) and

416.920(a)(4).  This analysis requires the Commissioner to consider, in

sequence, whether a claimant (1) is engaging in substantial gainful activity;

(2) has an impairment, or combination of impairments, that is severe;[7] (3)

---

[7]  A "severe impairment" significantly limits a claimant's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Basic physical work activities include the ability to walk, stand, sit, lift, carry, push, pull, reach, climb, crawl, and handle. 20 C.F.R. §§ 404.1545(b) and 416.921(b).  An individual's basic mental or non-exertional abilities include the ability to understand, carry out and remember simple instructions, and respond appropriately to supervision, coworkers and work pressures.  20 C.F.R. §§ 1545(c) and 416.921(b).
　　The determination of whether a claimant has any severe impairment that has lasted or is expected to last for a continuous period of at least

8

has an impairment or combination of impairments that meets or equals the

requirements of a "listed impairment"; (4) has the "residual functional

capacity" to return to his or her past work; and (5) if not, whether he or she

can perform other work in the national economy.  20 C.F.R.

§§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v).

In applying the five-step sequential analysis in the instant case, the

ALJ found at Step 1 that plaintiff had not engaged in substantial gainful

activity since May 10, 2007.  (R. at 20).  At Step 2, she found that plaintiff

has the following severe impairments: seizure disorder, depressive

disorder, anxiety disorder, and personality disorder.  (R. at 20-22).  At Step

3, the ALJ found that plaintiff does not have an impairment or combination

of impairments that meets or medically equals the severity of one of the

listed impairments.  (R. at 22-24).

---

twelve (12) months, at step two of the sequential evaluation process, is a
threshold test.  20 C.F.R. §§ 404.1509, 404.1520(c) & 416.920(c).  If a
claimant does not have any severe impairment or combination of
impairments which significantly limits her physical or mental abilities to
perform basic work activities that has lasted or is expected to last for a
continuous period of at least twelve (12) months, the claimant is "not
disabled" and the evaluation process ends at step two.  20 C.F.R.
§§ 404.1509, 404.1520(c) & 416.920(c).

If a claimant has any severe impairments, the evaluation process
continues.  20 C.F.R. §§ 404.1520(d)-(g) and 416.920(d)-(g).  Furthermore,
all medically determinable impairments, severe and non-severe, are
considered in the subsequent steps of the sequential evaluation process.
20 C.F.R. §§ 404.1523, 404.1545(a)(2), 416.923 & 416.945(a)(2).

The ALJ next determined that plaintiff has the residual functional

capacity (hereinafter "RFC") to

> perform a full range of work at all exertional levels but
> with the following nonexertional limitations: occasional
> climbing, balancing and stooping, never on ladders,
> kneeling, crouching or crawling, avoid temperature
> extremes, vibration and hazards, limited to simple routine
> tasks, low stress as defined as only occasional decision
> making and only occasional changes in the work setting,
> no interaction with the public and only occasional
> interaction with co-workers.

(R. at 124-30).  The ALJ then proceeded to Step 4 of the sequential

evaluation and received testimony from an impartial vocational expert

(hereinafter "VE").  The VE testified that plaintiff has no work history of

substantial gainful employment.  (R. at 129).  Thus, the ALJ found at Step 4

that plaintiff has no past relevant work.  (R. at 30).

Finally, at Step 5, the ALJ determined that plaintiff could still perform

other work that exists in significant numbers in the national economy.  (R.

at 30-31).  Specifically, the ALJ found that plaintiff could work as a video

surveillance monitor, laundry worker, mail clerk, order filler, and

dishwasher.  (R. at 130-33).  Because the ALJ concluded that plaintiff is

capable of making a successful adjustment to other work, she determined

that plaintiff is not disabled.  (R. at 31).

We assigned plaintiff's appeal to Magistrate Judge Gerald B. Cohn for a report and recommendation.  Magistrate Judge Cohn recommends denying plaintiff's appeal and upholding the defendant's decision denying plaintiff's disability benefits and SSI claims.  (Doc. 20).  Plaintiff filed objections to the R&R (Doc. 21), and they are ripe for disposition.

Plaintiff's objections raise the following two issues: (1) the ALJ erred by failing to find plaintiff's lumbar spine impairment severe; and (2) the ALJ erred by failing to assign great weight to the opinion of plaintiff's examining psychologist.  We address only plaintiff's first objection, as it is dispositive.

## I. Plaintiff's lumbar spine impairment

Plaintiff first contends that the ALJ erred by failing to find plaintiff's lumbar spine impairment severe.  Specifically, he avers that substantial evidence establishes that his lumbar spine impairment is more than slight, and thus, the ALJ's decision must be reversed.  After a careful review, we agree with plaintiff.

To qualify for disability at step two, the claimant must have a severe impairment "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]"  20 C.F.R. § 404.1520(c).  "The step-two inquiry is a *de minimis* screening device to dispose of groundless claims."  Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003).

Thus, "[a]n impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have 'no more than a minimal effect on an individual's ability to work.'" Id. (quoting SSR 85-28, 1985 WL 56856, at *4).[8]

"Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits at step two." Id. (quoting Bowen v. Yuckert, 482 U.S. 137, 158, (1987) (O'Connor, J., concurring)).  If the claimant can present evidence presenting more than a "slight abnormality," the severity requirement is met.  Id.  Further, any reasonable doubts in step two should be resolved in the claimant's favor. Id.  A reviewing court, however, should not apply a more stringent standard of review.  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).  The Commissioner's denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence.  Id. (citation omitted).

---

[8]  SSR 85-28 states that "[g]reat care should be exercised in applying the not severe impairment concept.  If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.  Rather, it should be continued."  1985 WL 56856, at *4.

In <u>McCrea</u>, the Third Circuit Court of Appeals reiterated that the "burden placed on an applicant at step two is not an exacting one." <u>Id.</u> Although the social security regulations speak in terms of "severity," the Commissioner has clarified that an applicant need only demonstrate something beyond "a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." <u>Id.</u> (citing SSR 85-28, 1985 WL 56856, at *3).

<u>McCrea</u> instructs that the determination of whether an applicant has met her burden at step two in the sequential analysis should focus upon her evidence. If such evidence demonstrates that the applicant has "more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue." <u>Id.</u> at 362; 20 C.F.R. §§ 404.1520(d)-(f) and 416.920(d)-(f).

Here, Plaintiff correctly avers that the ALJ's characterization of his L5-S1 disc herniation as "very mild" is a mistake of fact. Contrary to the ALJ's decision, the objective medical evidence establishes that plaintiff's lumbar spine impairment qualifies as a severe impairment at step two for several reasons.

First, a 2008 diagnostic CT scan establishes that plaintiff has disc herniations at L4-5 and L5-S1 (R. at 445). Second, in March of 2012,

Nathan P. Carr, P.A.-C. diagnosed plaintiff with displacement of cervical intervertebral disc without myelopathy.  (R. at 625).  Mr. Carr then prescribed Ibuprofen to alleviate plaintiff's symptoms.  (Id.)  Third, Mr. Carr and plaintiff's treating neurologists, Martha Boulos, M.D. and Matt Vegari, M.D., noted in November 2008 and at various times throughout 2012 that plaintiff suffers from paralumbar muscle spasms and lower back tenderness, and that he has consistently complained of back pain resulting therefrom.  (R. 440, 620, 622, 624 & 627).

The foregoing medical evidence of plaintiff's back impairment raises, at the very least, a genuine issue regarding its severity.  Given the consistency of the impairment from 2008 to 2012, we cannot agree with the Magistrate Judge that substantial evidence supports the ALJ's finding that plaintiff merely suffers from very mild degenerative disc disease.

Resolving all doubts in plaintiff's favor, we find that plaintiff has presented evidence of more than a slight abnormality.  Specifically, plaintiff's objective medical evidence and consistent complaints of back pain meet the *de minimis* burden required at step two, and therefore, the

ALJ erred in finding that plaintiff's lumbar spine impairment was not

severe.[9] As a result, we must reverse and remand the ALJ's decision.

**Conclusion**

For the above-stated reasons, we find that substantial evidence does

not support the ALJ's decision denying plaintiff's applications for disability

insurance benefits and SSI.  Thus, we will sustain plaintiff's objection

challenging the ALJ's finding that his lumbar spine impairment was not

severe, not adopt the R&R, vacate the Commissioner of Social Security's

decision, and remand for a new hearing.  An appropriate order follows.


**Date: October 7, 2016**          **s/ James M. Munley**
                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**

---

[9]   Additionally, we cannot conclude that the ALJ's error is harmless simply because several of the VE's suggested occupations account for "far more restrictive" exertional limitations.  "Procedural perfection in administrative proceedings is not required" so long as "the substantial rights of a party have not been affected."  Doran v. Colvin, No.3:13cv1756, 2014 WL 4660055, at *5 n.3 (M.D. Pa. Sept. 17, 2014) (quoting Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1998) (internal quotation marks omitted)).  Here, however, we agree with plaintiff's counsel that plaintiff suffered prejudice. Specifically, the ALJ implicitly concluded that plaintiff's back impairment imposed no significant functional limitations on him, and thus, included no limitations attributable to them in the RFC.  The ALJ's error, therefore, was not harmless.  As written above, plaintiff has specified his limitations and, at this stage, satisfactorily argued their impact on his ability to work.