# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT A. STRIPLIN,** | : | No. 3:15cv330 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Cohn) |
| **NANCY BERRYHILL,**[1] | : | |
| **Acting Commissioner** | : | |
| **of Social Security,** | : | |
|     Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Plaintiff Robert A. Striplin's motion for attorney's fees pursuant to the Equal Access to Justice Act. The defendant opposes the motion. The parties have briefed their respective positions, and the motion is ripe for disposition.

---

[1] When plaintiff filed this action, Carolyn W. Colvin was the Commissioner of Social Security. Accordingly, plaintiff named her as the defendant in her official capacity. Since then, however, Colvin left her position as Commissioner. Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. See Official Social Security Website, http://blog.ssa.gov/meet-our-new-acting-commissioner/ (last accessed July 5, 2017). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit. FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.")

**Background**

On January 12, 2009, plaintiff filed protective applications for disability insurance benefits and Social Security Income due to epilepsy. (Doc. 11, Admin. Record (hereinafter "R.") at 243-55).

Plaintiff's file was reviewed by the Social Security Administration (hereinafter "SSA") as part of an administrative proceeding. (R. at 12). On April 16, 2012, the SSA determined plaintiff was not disabled and denied benefits. Consequently, plaintiff filed a request for a hearing before the administrative law judge (hereinafter "ALJ"). The ALJ held a hearing on May 10, 2010. The ALJ conducted a five-step sequential analysis to reach her conclusion: (1) whether the claimant is currently engaged in substantial activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that are severe[2]; (3) whether the medical evidence of the claimant's impairment meets

---

[2] A "severe impairment" significantly limits a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Basic physical work activities include the ability to walk, stand, sit, lift, carry, push, pull, reach, climb, crawl, and handle. 20 C.F.R. §§ 404.1545(b) and 416.921(b). An individual's basic mental or non-exertional abilities include the ability to understand, carry out and remember simple instructions, and respond appropriately to supervision, coworkers and work pressures. 20 C.F.R. §§ 1545(c) and 416.921(b).

The determination of whether a claimant has any severe impairment that has lasted or is expected to last for a continuous period of at least twelve (12) months, at step two of the sequential evaluation process, is a threshold test. 20 C.F.R. §§ 404.1509, 404.1520(c) & 416.920(c). If a claimant does not have any severe impairment or combination of impairments which significantly limits her

the criteria of a "listed impairment"; (4) whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform a job that exists in the economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

At step two in the five-step sequential analysis, the ALJ concluded that plaintiff suffered from disc herniations at both L4-5 and L5-S1. According to the ALJ the herniations were "mild" and did not meet the "severe" threshold required to survive step two. The ALJ interpreted the opinion of Adel B. Mikhaiel, M.D., to reach her conclusion that the L5-S1 herniation was mild. (R. at 445). However, the ALJ determined that plaintiff's other conditions were "severe", so the five-step sequential analysis continued. A Vocational Expert (hereinafter "VE"), employed by the ALJ, determined that jobs exist in the national economy that plaintiff could perform with his impairments, thus plaintiff's case failed to meet step five of the five-step process.

---

physical or mental abilities to perform basic work activities that has lasted or is expected to last for a continuous period of at least twelve (12) months, the claimant is "not disabled" and the evaluation process ends at step two. 20 C.F.R. §§ 404.1509, 404.1520(c) & 416.920(c).
 If a claimant has any severe impairments, the evaluation process continues. 20 C.F.R. §§ 404.1520(d)-(g) and 416.920(d)-(g). Furthermore, all medically determinable impairments, severe and non-severe, are considered in the subsequent steps of the sequential evaluation process. 20 C.F.R. §§ 404.1523, 404.1545(a)(2), 416.923 & 416.945(a)(2).

Because plaintiff's claim failed to satisfy step five of the five-step analysis, the ALJ denied plaintiff's request for benefits on June 23, 2010. (R. at 137-79, 183-201). Plaintiff filed an appeal to the Appeals Council which remanded the case back to the ALJ for a lack of substantial evidence. (R. at 202-07). The second hearing was held on May 29, 2013. (R. at 14-15). The ALJ again denied plaintiff's claim on July 16, 2013. (Id.) Plaintiff requested a review by the Appeals Council, but the Appeals Council denied the request on December 10, 2014. (R. at 1-5). As a result, the Commissioner of Social Security adopted the ALJ's finding that plaintiff was not disabled as her final decision.

On February 18, 2015 plaintiff appealed to this court pursuant to 24 U.S.C. § 405(g). The appeal was assigned to Magistrate Judge Gerald B. Cohn. On March 31, 2016, Magistrate Judge Cohn filed a report and recommendation (hereinafter "R&R") recommending that we uphold the Commissioner's decision. (Doc. 20, R&R at 50). Specifically, the Magistrate Judge indicated plaintiff mischaracterized the ALJ's report when he argued the ALJ's decision did not consider any of diagnoses or observations made by his neurologists. (Doc. 20, R&R at 39). Instead, the R&R suggested the ALJ properly weighed and evaluated all evidence to reach a conclusion supported by substantial evidence. (Doc. 20, R&R at 50). Further, the Magistrate Judge decided even if the ALJ did

err, the error was harmless because the VE identified jobs in the national economy plaintiff could perform. (Doc. 20, R&R at 43-44).

The Court did not adopt the R&R, instead we remanded the case and we concluded the ALJ erred as a matter of law when she decided plaintiff's lumbar spine impairment did not satisfy the *de minimis* threshold of severity required to meet step two of the five-step process. (Doc. 23, Memo. of Oct. 7, 2016 at 14).

Accordingly, on December 28, 2016 plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (hereinafter "EAJA") 28 U.S.C. § 2412. Additionally, plaintiff seeks attorney's fees for litigating this EAJA claim. Plaintiff seeks a total of $7,556.25.[3]

**Jurisdiction**

We have federal question jurisdiction over this Social Security Administration appeal. See 42 U.S.C. § 1383(c)(3). ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); see also 42 U.S.C. § 405(g)("any individual, after any final decision of the

---

[3] The statutory maximum rate for attorney's fees is $125 per hour. 28 U.S.C. § 2412(d)(2)(A). Plaintiff requested attorney's fees over the statutory maximum $125 per hour, but this was authorized because the statute allows the attorney to adjust the rate for an increased cost of living. 28 U.S.C. § 2412(d)(2)(A). Defendant does not object to the amount requested by plaintiff.

5

Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such a decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principle place of business…").

**Legal Standard**

The issue before the Court is whether plaintiff is entitled to attorney's fees pursuant to the EAJA. The EAJA authorizes the court to award attorney's fees to the prevailing party, unless the court finds the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Here, it is uncontested that plaintiff is the prevailing party. 28 U.S.C. § 2412(d)(1)(B). Thus, the issue is whether the United States' position was substantially justified.

The Supreme Court defined the term "substantially justified" as "justified in substance or in the main– that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565-66 (1988). It must have a reasonable basis in law and fact. Id. at 566. The Third Circuit explained that "a court cannot assume that the government's position was not substantially

justified simply because the government lost on the merits." Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998). Instead, the court must determine whether a reasonable basis in law and fact supported the government's position. Id.

The burden of proving a substantial justification is on the government. Dougherty v. Lehman, 711 F.2d 555, 561 (3d Cir. 1983). The burden is strong and is satisfied when the Commissioner shows: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory she propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985). Further, the government must establish a substantial justification on every issue, both during the administrative proceedings and during litigation in the court. Hanover Potato Prod., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993).

Not only must the government demonstrate a substantial justification for its position at litigation, but it also must show a substantial justification for the administrative decisions prior to litigation. Morgan, 142 F.3d at 684.

**Discussion**

Plaintiff claims defendant failed to demonstrate a "substantial justification" for its position pre-litigation and post-litigation, and we agree for the following reasons. First, defendant relied on a mistake of fact that the ALJ made during her assessment. (R. at 445). The ALJ characterized the herniated disc at both L4-5

7

and L5-S1 as "mild". (R. at 26). Additionally, the ALJ noted that there is no record of ongoing treatment for plaintiff's back. (R. at 26). The ALJ reached her conclusion by analyzing the objective medical evidence along with plaintiff's subjective complaints. (R. at 25).

A report by Adel B. Mikhaiel, M.D., characterized the herniation at L5-S1 as a "disc herniation with broad-based disc bulge causing impingement on the dural sac". (R. at 445). Dr. Mikhaiel concluded the herniation at L4-5 was a "mild disc herniation with broad-based disc bulge…" (R. at 445). Yet, the ALJ concluded that both the L4-5 and L5-S1 were both "very mild" disc herniations. (R. at 26). Because the ALJ concluded the L4-5 and L5-S1 disc herniations were "very mild", she determined both impairments failed to satisfy the *de minimis* threshold of severity necessary to surpass step two of the sequential analysis.

We agree with plaintiff that defendant ignored case law that requires the impairment merely be greater than a slight abnormality to satisfy the *de minimis* severity threshold. McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) (citing Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546-47 (3d Cir. 2003) ("If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue.")). "The two step inquiry is a *de minimis* screening device to dispose of groundless claims." Newell, 347 F.3d at 546.

8

Given the low *de minimis* threshold and the medical evidence supporting a "severe" impairment at L5-S1, the defendant was not substantially justified in reaching the conclusion that plaintiff's L5-S1 disc herniation was not severe.

Because the ALJ decided the L5-S1 impairment was not severe, the subsequent Residual Functional Capacity[4] (hereinafter "RFC") analysis was incomplete. The functional limitation of the L5-S1 disc herniation was not considered during the RFC, thus the sequential analysis that took place after step two was tainted. (R. at 21). The ALJ's failure to consider the L5-S1 disc herniation in the RFC analysis impacted the VE's testimony as to which jobs plaintiff could perform. Because the VE determined jobs existed in the economy that plaintiff could perform, plaintiff's claim failed at step five in the sequential analysis.

Defendant relies on Rutherford v. Barnhart for the proposition that the error made by the ALJ was harmless because the VE identified jobs that plaintiff could perform even if the herniation at L5-S1 was characterized as severe. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). This case is distinguishable because in Rutherford, plaintiff's obesity was indirectly considered by the ALJ when the ALJ reviewed medical reports by doctors who factored in plaintiff's

---

[4] At step four of the five-step sequential analysis, the ALJ is required to assess the claimant's RFC to determine what the claimant can do in the workforce despite his limitations. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1).

obesity. Id. Here, the ALJ never considered, directly or indirectly, the severity of plaintiff's L5-S1 herniation during the RFC analysis. (R. at 21). Because the VE concluded the plaintiff could perform some jobs in the current economy without considering the functional limitation of the L5-S1 disc herniation the error was not harmless.

Defendant cites two non-binding cases to assert the Commissioner's position was substantially justified when conflicting evidence appears on the record.[5] We find these non-binding cases unpersuasive. We are presented with more than conflicting evidence; defendant erroneously mischaracterized the L5-S1 herniation as "mild". (R. at 26). Assuming arguendo that defendant did not make that erroneous determination, the conflicting evidence, that plaintiff denied back pain and his motor skills were assessed as 5/5, is not strong enough to outweigh the severity of the L5-S1 herniation. (R. at 20). Accordingly, defendant's position is not substantially justified and the award of attorney's fees is appropriate.

Moreover, plaintiff contends the ALJ did not properly weigh the evidence offered by psychologist Dustin Barabas. The ALJ characterized his report as indicating only a "slight to moderate impact on the claimant". (R. at 194). The ALJ

---

[5] Greyer v. Sullivan, No. 91-3705, 1992 WL 373028, at *2 (N.D. Ill. Dec. 11, 1992) (concluding if there is evidence to support two positions, the government is entitled to choose between conflicting views of the permissible evidence); Jackson v. Charter, 94 F.3d 274, 279-80 (7th Cir. 1996).

noted Barabas's opinion deserved less weight because he was not a treating doctor (R. at 27). Yet, plaintiff proffered evidence that Barabas said "the claimant appears unable to sustain attention to perform simple tasks" and "the claimant appears unable to tolerate day-to-day work pressures such as production demands and schedules." (R. at 640). After relying on the ALJ's analysis of Barabas' report to make her decision, the Commissioner later tried to distinguish Barabas' determinations as "extreme". (Doc. 15, Def. Br. at 20). However, this reasoning was not present in the ALJ's decision because the Commissioner did not offer this reasoning until litigation commenced. (R. at 27). We agree with plaintiff that this reasoning is not relevant because a substantial justification must exist at the time of litigation as well as at the time of the administrative hearing. Hanover 989 F.2d at 128; Morgan, 142 F.3d at 684.

The RFC analysis must include both objective medical evidence and subjective symptoms. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1). When considering subjective symptoms, the ALJ must perform a separate two step analysis to analyze the severity of the subjective symptoms. § 404.1529(b-c).[6] Dr. Barabas' conclusions based on the claimant's subjective symptoms should

---

[6] First, the Commissioner must determine if the claimant's symptoms are medically determinable impairments. Next, the Commissioner must consider the claimant's testimony and objective medical evidence to determine the intensity and persistence of the impairments and how those impairments will affect claimant's ability to work. McClease, 2009 WL 3497775, at *5.

11

have been considered with the remaining objective medical evidence to reach a conclusion. The Commissioner erred when she decided to give less weight to Dr. Barabas' opinion because that decision ultimately influenced the VE's determination that plaintiff could perform jobs in the economy. (R. at 27).

Lastly, defendant argues that if attorney's fees are awarded, they should be awarded directly to the plaintiff, not to plaintiff's counsel. We agree. In <u>Astrue</u>, the Supreme Court held fees awarded pursuant to section 2412(d) must be awarded to the plaintiff, thus it "is subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." <u>Astrue v. Ratliff</u>, 560 U.S. 586, 589 (2010). Section 2412(d)(1)(A) plainly states "shall award fees a prevailing party…" In <u>Astrue</u>, the court interpreted the term "prevailing party" to mean "prevailing litigant". <u>Astrue</u> 560 U.S. at 591. Here, plaintiff is the prevailing party, thus he will receive the award for attorney's fees. Consequently, the government will have the authority to use the award to satisfy any qualifying pre-existing debts that plaintiff owes.

**CONCLUSION**

For the above reasons, plaintiff's motion for attorney's fees will be granted. An appropriate order follows.

**Date: July 10, 2017**          **s/ James M. Munley**
                                  **JUDGE JAMES M. MUNLEY**
                                  **United States District Court**